

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 0 3 2004

Michael N. Milby
Clerk of Court

ELENA TORRUCO REYES, On Behalf of §
HORACIO DIAZ TORRUCO §
§
and §
§
OLIVER HERRERA GOMEZ, Individually §
                      Plaintiffs §
vs. §
§
FORD MOTOR COMPANY §
             Defendant §

CIVIL ACTION NO.: B - 0 4 - 0 4 3
JURY

### DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

      COMES NOW Defendant Ford Motor Company ("Ford") and hereby petitions this Court, under Title 28 U.S.C., § 1441(a) and (e), for removal of a products liability action filed in the 357th Judicial District Court of Cameron County, Texas, to the United States District Court for the Southern District of Texas, Brownsville Division. In support of this removal, defendant would show this Honorable Court as follows:

### Preliminary Matters

      1.     Petitioner is named as a defendant in *Elena Torruco Reyes, on Behalf of the Estate of Horacio Diaz Torruco and Oliver Herrera Gomez, Individually vs. Ford Motor Company* - Cause No. 2004-01-348-E, in the 357th Judicial District Court of Cameron County, Texas. This action was commenced on January 23, 2004.

      2.     A copy of the 357th Judicial District Clerk's file for this case is attached hereto as Exhibit "A". This includes true and correct copies of all executed process, pleadings, orders, and a certified copy of the docket sheet. Ford Motor Company filed its Motion to Transfer Venue and, Subject Thereto, Motion to Dismiss Under the Doctrine of *Forum Non Conveniens*, Plea

Against Capacity, Special Exceptions, Original Answer to Plaintiffs' Original Petition and Jury Demand in state court on February 24, 2004. A true and correct copy of this document is attached hereto as Exhibit "B". An index of all matters being filed is attached hereto as Exhibit "C". A list of all counsel of record is attached hereto as Exhibit "D". Ford is the lone defendant in this case.

### Nature of the Case

3.    As alleged in plaintiffs' petition, this case involves claims arising from a single-vehicle automobile accident that occurred in Mexico on January 24, 2002. Plaintiffs aver that Horacio Diaz Torruco and Oliver Herrera were occupants of a 1994 Ford Explorer, which suddenly and unexpectedly suffered a loss of control resulting in a rollover. Horacio Diaz Torruco is alleged to have died as a result of the accident. Oliver Herrera is alleged to have sustained varying degrees of physical and emotional injuries.

4.    Plaintiffs maintain that the accident was caused by unspecified design, manufacturing, and/or marketing defects in the vehicle. Plaintiffs' claims sound in strict products liability, negligence, and violations of the Texas Deceptive Trade Practices Act ("DTPA").

### Grounds for Removal

5.    The above-captioned matter is one in which this Court has original jurisdiction under Title 28, U.S.C. §§1332(a)(2) and 1441(a).

#### A.    Diversity of Citizenship

6.    Plaintiffs' Original Petition states that plaintiffs are citizens of the Republic of Mexico.

7.     Defendant Ford is now a Delaware Corporation, with its principal place of business in Dearborn, Michigan, and was a Delaware Corporation, with its principal place of business in Dearborn, Michigan, at the time Plaintiffs' Original Petition was filed.

C.     **Amount in Controversy**

8.     While plaintiffs do not enumerate a specific amount of damages in their petition they seek damages for the following: (1) severe physical, mental and emotional pain and suffering; (2) future physical, mental and emotional harm; (3) physical impairment, distress and injury, including past and future physical and emotional pain and suffering;  (4) medical and hospital expenses; (5) loss of enjoyment of life; (6) impairment in the quality of life, (7) impaired earning ability and capacity; and (8) emotional distress.  Plaintiffs are also making a claim for exemplary damages.  Based on the alleged gravity of the injuries, and the numerous categories of damages pleaded by the plaintiffs, it is clear that the amount in controversy in this lawsuit exceeds the statutory minimum of seventy-five thousand dollars ($75,000.00).

9.     This Notice of Removal is timely filed in accordance with the law of the United States, 28 U.S.C. § 1446(b), because it is filed within 30 days after the receipt by defendant of a copy of the initial pleading setting forth a claim for relief upon which this action is based.  Thus, this Notice of Removal is timely, and all conditions and procedures for removal have been satisfied.  A filing fee of $150.00 is tendered herewith.

10.     On filing of this Notice of Removal, defendant will provide written notice to plaintiffs through plaintiffs' counsel, as is required by law.

11.     A copy of this written notice will be filed with the Clerk of the Court for the 357th Judicial District of Cameron County, Texas, where this cause was originally filed.  The

357th Judicial District of Cameron County, Texas, is located in the Southern District of Texas,

Brownsville Division.

12.    Ford has made a jury demand.

WHEREFORE, PREMISES CONSIDERED, petitioner prays that this Court take

jurisdiction of this cause and stay all further proceedings in state court.

Respectfully submitted,

By _____

Evan N. Kramer
Attorney in Charge
SDTX No.: 12346
Texas Bar No.: 11704650

OF COUNSEL:
William R. Moye
SDTX No.: 34007
Texas Bar No.: 24027553
BROWN McCARROLL, L.L.P.
1111 Bagby, 47th Floor
Houston, Texas 77002
(713) 529-3110; Fax: (713) 525-6295

ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Defendant Ford Motor
Company's Notice of Removal has been forwarded by U.S. Certified Mail, Return Receipt
Requested, to all known counsel of record as shown below on this _____ day of _____,
2004.

_____
William R. Moye

Mark A. Cantu
LAW OFFICE OF MARK A. CANTU
1300 N. 10th Street, Suite 400
McAllen, Texas 78501

Citation for Personal Service  - BY CERTIFIED MAIL   Lit. Seq. # 5.003.01

No. 2004-01-000348-E

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an **ORIGINAL** If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: FORD MOTOR COMPANY
    AMERICAN ROAD
    DEARBORN, MICHIGAN 48216


the       DEFENDANT      , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 357th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said       PETITION      was filed on  JANUARY 23, 2004 .  A copy of same accompanies this citation.

The file number of said suit being No. 2004-01-000348-E.

The style of the case is:

ELENA TORRUCO REYES ON BEHALF OF THE ESTATE OF
VS.
FORD MOTOR COMPANY

Said petition was filed in said court by        HON. MARK A. CANTU
(Attorney for            PLAINTIFF            ), whose address is
1300 N 10TH ST. STE 400 MCALLEN, TEXAS  78501                      .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 26th day of  JANUARY , A.D. 2004.

AURORA DE LA GARZA     , DISTRICT CLERK

# JURY

## CIVIL DOCKET · JUDGE'S ENTRIES

### RULE 26 TRCP

RUN DATE

RUN TIME

| NAME OF PARTIES | ATTORNEYS | KIND OF ACTION |
|---|---|---|
| ELENA TORRUCO REYES ON BEHALF OF THE ESTATE OF<br><br>VS<br><br>FORD MOTOR COMPANY | 00020001<br>HON. MARK A. CANTU<br>1300 N 10TH ST. STE 400<br>MCALLEN, TEXAS   78501  0000 | (01)<br>WRONGUL DEATH |

DATE OF ORDERS

COURT'S DOCKET (Rule 26, TRCP)

RUN DATE 02/25/04
RUN TIME 10:59 AM

* * * C L E R K ' S   E N T R I E S  * * *

ELENA TORRUCO REYES ON BEHALF OF THE ESTATE OF

VS

FORD MOTOR COMPANY

00020001
HON. MARK A. CANTU
1300 N 10TH ST. STE 400
MCALLEN, TEXAS    78501 0000

(01)

WRONGFUL DEATH

01/23/04 ORIGINAL PETITI
01/23/04 JURY FEE: Pd. b
01/26/04 CITATION (CM):
01/26/04 SERVED: 02/0

NO. *2004-01-348-E*

| | | |
|---|---|---|
| **ELENA TORRUCO REYES** | § | **DISTRICT COURT OF** |
| **ON BEHALF OF THE ESTATE OF** | § | |
| **HORACIO DIAZ TORRUCO** | § | |
| | § | |
| **AND** | § | |
| | § | |
| **OLIVER HERRERA GOMEZ** | § | |
| **INDIVIDUALLY,** | § | |
| | § | |
| **Plaintiffs'** | § | |
| | § | **CAMERON COUNTY, TEXAS** |
| **v.** | § | |
| | § | **357th JUDICIAL DISTRICT** |
| **FORD MOTOR COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | **JURY TRIAL DEMANDED** |

FILED 4:55 O'CLOCK __ M
AURORA DE LA GARZA DIST. CLERK
JAN 2 3 2004
DISTRICT COURT OF CAMERON COUNTY TEXAS

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Come Plaintiffs, **Elena Torruco Reyes on behalf of the estate of Horacio Diaz Torruco, and Oliver Herrera Gomez, individually, bring this Plaintiffs Original Petition** against Defendant Ford Motor Company ("Ford"), the injuries and property damage arising out of an automobile accident occurring in Mexico on January 24, 2002

### DISCOVERY CONTROL PLAN

Consistent with the requirements of Rule 190.1, the Plaintiffs allege that discovery is intended to be conducted under Level 3 of the Rule.

### JURISDICTION AND VENUE

Plaintiffs were at all times pertinent herein citizens of Mexico.

Defendant Ford Motor Company (hereinafter "Ford") is a corporation incorporated under the laws of the State of Delaware and has its principal place of business at American Road, Dearborn, Michigan 48216.

1

## GENERAL FACTUAL ALLEGATIONS

On January 24, 2002 the driver of the 1994 Ford Explorer (hereinafter "the Ford Explorer") suddenly and unexpectedly lost control of the vehicle resulting in a rollover.

## FIRST CLAIM FOR RELIEF

Defendant Ford Motor Company had a duty to design, manufacture, market and sell the Ford Explorer in a reasonably prudent manner.

Defendant Ford breached the above duty and was negligent in the manner it designed, manufactured, marketed, and sold the Ford Explorer involved in the accident of January 24, 2002.

Defendant Ford negligently designed and manufactured the Ford Explorer by:

1. Giving it a dangerous and defective propensity to roll over under foreseeable on road driving conditions; and

2. Failing to provide adequate design features to protect occupants in the event of a roll over.

Plaintiffs were persons who Defendant Ford should reasonably have expected to use or be affected by the Ford Explorer.

Although Defendant Ford knew or should have known that the Ford Explorer may have been harmful or injurious to users such as the Plaintiffs, Defendant Ford did not exercise reasonable care and was negligent in failing to warn consumers or users of such dangers inherent in the use of the Ford Explorer.

As a direct and proximate result and consequence of Defendant Ford's negligence, as described herein, Plaintiffs sustained severe physical, mental and emotional pain and suffering and in the future will sustain severe physical, mental and emotional harm, physical impairment, distress and injury which includes but is not limited to, past and future physical and emotional

2

pain and suffering, medical and hospital expenses, loss of enjoyment of life, impairment in the quality of life, impaired earning ability and capacity and emotional distress.

As a direct and proximate result and consequence of the negligence of Defendant Ford, **Horacio Diaz Torruco** suffered injuries resulting in wrongful death; and furthermore **Oliver Herrera** suffered injuries.

### SECOND CLAIM FOR RELIEF
(Strict Liability of Defendant Ford)

Defendant Ford designed, tested, assembled and was the manufacturer of the Ford Explorer involved in the accident, which forms the basis of this litigation.

Defendant Ford was, and at all times relevant hereto, engaged in the business of designing, testing, assembling, manufacturing, distributing, and selling such Ford Explorer's, such as the one involved in this litigation, for sale or use by users such as the Plaintiffs.

Defendant Ford sold and distributed the Ford Explorer, involved in the accident which forms the basis of this litigation.

The Ford Explorer was defective, as previously described herein and, because of the defects, the Ford Explorer was unreasonably dangerous to any person who might reasonably be expected to use or be affected by the Ford Explorer.

The Ford Explorer was defective and unreasonably dangerous at the time it was sold by Defendant Ford or left Defendant Ford's control.

The Ford Explorer was expected to and did reach the user or consumers, including the Plaintiffs, without substantial change in the condition in which it was sold.

Plaintiffs are or were persons who would reasonably be expected to use or be affected by the Ford Explorer.

As a direct and proximate result of the defects of the Ford Explorer, Plaintiffs sustained injuries and damages all as are more fully set forth in Plaintiffs First Claim for Relief.

### THIRD CLAIM FOR RELIEF

(Breach of Implied Warranty of Merchantability Against Defendant Ford)

Plaintiffs are persons who were reasonably expected to use or be affected by the Ford Explorer sold by the Defendant Ford.

Defendant Ford was a merchant of the type of vehicle involved in the accident giving rise to this lawsuit.

The Ford Explorer was not of merchantable quality at the time of the sale and Defendant Ford breached the implied warranty of merchantability.

Within a reasonable time, Plaintiffs notified Defendant Ford of its breach of the implied warrant of merchantability.

As a direct and proximate result and consequence of Defendant Ford's breach of implied warranty of merchantability, Plaintiffs have sustained injuries and damages all as are more fully set forth in Plaintiffs' First Claim for Relief.

### FOURTH CLAIM FOR RELIEF

(Breach of Warranty of Fitness for a Particular Purpose Against Defendant Ford)

Defendant Ford and its agents, servants and employees impliedly warranted that the Ford Explorer was fit and suitable for the particular purpose of use as a family vehicle, car-like, passenger-like vehicle, and suitable for highway driving and suburban driving. Defendant Ford warranted that the Ford Explorer was fit and suitable as a logical alternative for station wagon buyers, the Ford Explorer being a four wheel drive vehicle with handling and ride characteristics more like a passenger car, with safety and without hazard to those who used and occupied the vehicle under the circumstances herein alleged.

The Ford Explorer was not fit and suitable for the particular purpose for which it was intended or warranted.

As a direct and proximate result and consequence of Defendant Ford's breach of implied

4

warranty of fitness for a particular purpose, Plaintiffs have sustained injuries and damages all as are more fully set forth in Plaintiffs' First Claim for Relief.

### FIFTH CLAIM FOR RELIEF
(Punitive Damages Against Defendant Ford)

Defendant Ford's actions as described above were purposefully committed and attended by circumstances of willful and wanton conduct, which the Defendant Ford must have realized was dangerous, done heedlessly and recklessly and committed without regard to the consequences, rights and safety of the Plaintiffs.

As a result of Defendant Ford's willful and wanton conduct, Plaintiffs are entitled to recover exemplary damages.

**WHEREFORE,** Plaintiffs pray that judgment be entered in their favor and against the Defendants in an amount to be fairly determined by the trier of fact, plus interest as provided by state law, costs, expert witness fees, and such other and further relief as this Court deems just and proper.

**LAW OFFICE OF MARK A CANTU**

The Atrium
1300 N. 10th Street, Ste. 400
McAllen, Texas 78501
Telephone: (956) 687-8181
Fax: (956) 687-8868

By: _____
    **MARK A. CANTU**
    Attorney in Charge
    State Bar No. 03767445
    ATTORNEY-IN-CHARGE FOR
    PLAINTIFFS

5

FILE MARK AND RETURN

FILED NO. 7456  C T.   2        A    M
AURORA DE LA GARZA DIST. CLERK

FEB 2 4 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS
Kay Lopez Jr. DEPUTY

CAUSE NO. 2004-01-348-E

| | |
|---|---|
| ELENA TORRUCO REYES ) | IN THE DISTRICT COURT OF |
| ON BEHALF OF THE ESTATE OF ) | |
| HORACIO DIAZ TORRUCO, ) | |
| ) | |
| And ) | |
| ) | |
| OLIVER HERRERA GOMEZ, ) | |
| INDIVIDUALLY, ) | CAMERON COUNTY, TEXAS |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| FORD MOTOR COMPANY ) | 357TH JUDICIAL DISTRICT |
| ) | |
| Defendant. ) | |

**FORD MOTOR COMPANY'S MOTION TO TRANSFER VENUE AND, SUBJECT THERETO, MOTION TO DISMISS UNDER THE DOCTRINE OF *FORUM NON CONVENIENS*, PLEA AGAINST CAPACITY, SPECIAL EXCEPTIONS, ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION, AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Ford Motor Company ("Ford"), one of the defendants in the above-styled and numbered cause, and concurrently with or before the filing of any other plea, pleading, or motion, files this Motion to Transfer Venue and, Subject Thereto, Motion to Dismiss Under the Doctrine of *Forum Non Conveniens*, Plea Against Capacity, Special Exceptions, Original Answer to Plaintiffs' Original Petition and Jury Demand, and would show the Court as follows:

## I. MOTION TO TRANSFER VENUE

1.      Ford denies that venue is proper in Cameron County, Texas, the county of suit. Although it does not appear that Plaintiffs even attempted to allege any facts demonstrating that venue is proper in Cameron County, Ford specifically denies any venue allegations in Plaintiffs' Original Petition.  In particular, Ford denies that all or a substantial part of the events giving rise to

the claims occurred in Cameron County. Ford demands strict proof of all venue facts as required by TEX. R. CIV. P. 87(3).

    2.    Ford requests that this case be transferred to Dallas County, Texas. The legal and factual basis for this motion to transfer venue from Cameron County to Dallas County is that Ford's principal office at the time of the accident was located in Dallas County, Texas, as the term "principal office" is statutorily defined. TEX. CIV. PRAC. & REM. CODE § 15.001(a). Accordingly, Dallas County is a county of proper venue. TEX. CIV. PRAC. & REM. CODE §15.002(a)(3).

### Request to Transfer

For the reasons set forth above, Ford respectfully asks that the Court transfer this case to Dallas County and would show the Court that Dallas County is a county of proper venue.

### II. SUBJECT TO ITS MOTION TO TRANSFER VENUE, FORD MOTOR COMPANY'S MOTION TO DISMISS UNDER THE DOCTRINE OF *FORUM NON CONVENIENS*

COMES NOW Ford Motor Company ("Ford"), a defendant in the above-styled and numbered cause, and, subject to its Motion to Transfer Venue, files this its Motion to Dismiss Under the Doctrine of *Forum Non Conveniens*, and would respectfully show the Court the following:

    1.    Plaintiffs filed this lawsuit to recover damages allegedly sustained due to an automobile crash that allegedly occurred on Jnauary 24, 2002. Upon information and belief, such alleged accident occurred in the Republic of Mexico. Ford moves to dismiss this case, in its entirety, under the doctrine of *forum non conveniens*. In the interests of justice, this cause of action would be more properly heard in Mexico, where Plaintiffs reside and where the crash giving rise to this lawsuit occurred.

2.    Accordingly, Ford prays that the Court decline to exercise jurisdiction under the doctrine of *forum non conveniens* and dismiss or stay the claims herein on any conditions allowed by TEX. CIV. PRAC. & REM. CODE §71.051.[1]

### III.  SUBJECT TO ITS MOTION TO TRANSFER VENUE AND MOTION TO DISMISS UNDER THE DOCTRINE OF *FORUM NON CONVENIENS*, FORD MOTOR COMPANY'S PLEA AGAINST CAPACITY, SPECIAL EXCEPTIONS, ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION, AND JURY DEMAND

COMES NOW Ford Motor Company ("Ford"), a defendant in the above-styled and numbered cause, and, subject to its Motion to Transfer Venue and its Motion to Dismiss Under the Doctrine of *Forum Non Conveniens,* files this its Plea Against Capacity, Special Exceptions, Original Answer to Plaintiffs' Original Petition, and Jury Demand, and would respectfully show the Court the following:

### A.    Pea Against Capacity.

Plaintiffs' Original Petition purports to set forth survival claims against Ford asserted by Elena Torruco Reyes on behalf of "The Estate of Horacio Diaz Torruco". Pursuant to Rule 93, Texas Rules of Civil Procedure, and the Texas Civil Practice and Remedies Code, Ford denies the Plaintiffs' capacity of Elena Torruco Reyes to maintain an action under the Texas Survival Act. Such legal incapacity is apparent from the face of Plaintiffs' Original Petition. Ford respectfully prays that all claims asserted by these named plaintiffs in their capacities as representative of the Estate of Horacio Diaz Torruco be dismissed unless and until Plaintiffs are able to confirm compliance with Texas law.

### B.    Special Exceptions.

---

[1] Ford will submit a Brief in Support of its Motion to Dismiss  Under the Doctrine of *Forum Non Conveniens* at a later date.

1.    <u>Pleading Standard</u>.  Ford cannot prepare a defense to a lawsuit unless it is reasonably appraised of the specific facts upon which the suit is based.  Consequently Plaintiffs' petition is deficient and fails to give Ford fair and adequate notice of the facts asserted against Ford as required by Tex. R. Civ. P. 47, and the Court should order Plaintiffs to re-plead their petition to reasonably allege the factual basis for their claims. *See Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982) (A petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim).

2.    <u>Defective Notice of Defect Claimed</u>.  A plaintiff advancing a cause of action for product liability (whether pled as negligence, strict liability or breach of warranty) must demonstrate at a minimum that: (1) there was a defect in the product at the time it left the manufacturer's control; and (2) the defect was the producing cause of the plaintiffs' injuries or damages. *Hyundai Motor Co. v. Rodriguez*, 995 S.W.2d 661, 665 (Tex. 1999).  All of Plaintiffs' negligence, strict liability, and breach of warranty allegations focus exclusively on the existence o f an unspecified defect in unspecified components of the vehicle.

Texas law recognizes three categories of defect – defect in manufacture, defect in design, and marketing defects (failure to warn). *Temple Eastex v. Old Orchard Creek Partners, Ltd.*, 848 S.W.2d 724, 732 (Tex. App.—Dallas 1992, writ denied).  There are no facts pled in Plaintiffs' petition regarding the manner, if any, the  vehicle was defective in its design, manufacture or marketing.

(i).    <u>No Pleadings to Support a Design Defect.</u>  A design defect exists when there is a defect in the design process of the product such that every unit produced according to that design is unreasonably dangerous. *Temple Eastex*, 848 S.W.2d at 732.  A design defect renders a

product unreasonably dangerous taking into consideration the utility of the product and the risk involved in its use. *General Motors Corporation v.* Sanchez, 997 S.W.2d 584, 588 (Tex. 1999).

The *sine qua* non of a design defect claim is the claim that there was an alternative design that was safer than the one adopted. *Id.*; Tex. Civ. Prac. & Rem. Code § 82.005 (a)(1). A "Safer alternative design" means a product design other than the one actually used that in reasonable probability (i) would have prevented or significantly reduced the risk of the claimant's damages without substantially imparing the product's utility; and (ii) was economically and technologically feasible at the time the product left the control of the manufacturer or seller by the application of existing or reasonably achievable scientific knowledge. Tex. Civ. Prac. & Rem. Code §82.005(b).

At the very least, to plead a design defect claim under Texas law, a plaintiff must identify the allegedly defective component, the nature of the danger posed by that component, the safer alternative design for the component and how the omission of the design was the cause of the plaintiff's injury. Plaintiff in this case has pled no facts to support any of these elements. Therefore, Ford specially excepts to the first, second, third and fourth claims for relief set forth in Plaintiffs' petition.

(ii).    Defective Notice of Claimed Manufacturing Defect. There are also no facts pled to support a claim based on manufacturing defect. Under Texas law, a manufacturing defect exists when a finished product deviates, in terms of its construction or quality, from the specifications or planned output in a manner that renders it unreasonably dangerous. *American Tobacco Co., Inc. v. Grinnell,* 951 S.W.2d 420, 434 (Tex. 1997); *Lucas v. Tex. Indus., Inc.,* 696 S.W.2d 372, 377-78 (Tex. 1984). Thus, a manufacturing defect is a deviation from the planned output. *Id.*

There are no pleadings to support a claim that a component of the subject vehicle deviated from the design in any manner and no explanation as to how a manufacturing defect, if any, is causally related to the Plaintiffs' claimed damages. Therefore, Ford specially excepts to the first, second, third, and fourth claims for relief in Plaintiffs' petition because they failed to plead any facts to support a manufacturing defect claim.

(iii).    Defective Notice of Alleged Marketing Defect. Finally, there are no facts pled to support a claim of marketing defect. A marketing defect exists when a manufacturer fails to adequately warn of a product's dangers under condition where a warning is necessary. *Grinnell,* 696 S.W.2d at 426. A marketing defect cause of action consists of five elements: (1) a risk of harm that is inherent in product or that may arise from the intended or reasonably anticipated use of the product must exist; (2) the produce supplier must actually know or reasonably foresee the risk of harm at the time the product is marketed, (3) the product must possess a marketing defect; (4) absence of the warning and/or instructions must render the product unreasonably dangerous to the ultimate user or consumer of the product; and (5) failure to warn and/or instruct must constitute the cause of the product user's injury. *James v. Fiesta Mart, Inc.,* 21 S.W.3d 301, 305-6 (Tex. App.—Houston [1st Dist.] 1999, pet denied).

Plaintiffs have not pled any facts that would put Ford on reasonable notice of the nature of Plaintiffs' marketing defect claim, if any, Plaintiffs have not identified with reasonably specificity the component they believe is dangerous, the nature of the alleged danger or the manner in which the danger arises from the absence of a warning. Ford specially excepts the first, second, third, and fourth claims for relief set forth in Plaintiffs' petition because they fail to plead facts to support a claim for marketing defect.

3.    <u>Defective Notice of Claims of Gross Neglect and Malice</u>.  Under Texas law, the definition of "gross negligence" or "malice" as a basis for exemplary damages is governed by statute.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 41.003(a)(3) and §41.001(7)B).  Under Tex. Civ. Prac. & Rem. Code Ann. §41.003(a)(3), exemplary damages may be awarded in a wrongful death case in cases of "gross neglect."  "Gross neglect" is defined as: An act or omission: which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety or welfare of others. Tex. Civ. Prac. & Rem. Code Ann. §41.001(7)B).  "Malice" is defined the same as "gross negligence" except that a plaintiff may prove "a specific intent by the defendant to cause substantial injury to the claimant" as an alternative to support exemplary damages based on alleged "malice." Tex. Civ. Prac. & Rem. Code Ann. §41.001(7).

Plaintiffs have not alleged any facts that would support a claim for exemplary damages against Ford based on "gross neglect" or "malice."  They have not alleged a specific act or

4.   <u>No Pleadings to Specify Maximum Damages Claimed.</u>  Plaintiffs have failed to state the maximum amount of damages they claim. Ford specially excepts to Plaintiffs' Original Petition on this ground and pursuant to Tex. R. Civ. P. 47, asks that Plaintiffs be required to replead and to specify the maximum amount of damages claimed.

5.   <u>Argument.</u>  The Court should not allow such pleadings – they constitute trial by ambush. Unless Plaintiffs' counsel is ordered to specifically allege facts to support his contentions, they will have incentive to continue to prosecute the case with vague, ambiguous, global and nonsensical pleadings. The net effect of this type of practice is that it works a severe hardship on Ford in the preparation of its defense and for trial.

Failure to specify the nature of the claimed defect in a product liability suit also wastes the time and resources of the Court, since reasonably specific defect allegations will assist the parties in defining a reasonable and appropriate discovery scope, preventing unnecessary hearings to determine the nature of the claims and the proper scope of discovery.

Re-pleading with reasonable specificity will also facilitate the investigation of the claims and may help facilitate settlement negotiations, since Ford will be able to better evaluate the factual merit of the claim once Ford is made aware of the essential facts underlying Plaintiffs' claims. It is unjust and unfair to permit Plaintiffs to try a significant products liability case in such a manner that the defendant is not aware of the essential factual basis of the claim and is thus precluded from effectively investigation and defending against the claims.

Ford requests that these Special Exceptions be granted, and that the offending allegations be stricken or that plaintiffs be given an appropriate but limited period of time within which to replead. If plaintiffs do not timely replead, Ford requests that the allegations in questions be stricken.

## C.    General Denial

1.    Ford invokes the provisions of Rule 92, Texas Rules of Civil Procedure, and does thereby exercise its legal right to require Plaintiffs to prove all of the allegations contained in their pleading, if Plaintiffs can so prove them, which is denied, and, accordingly, Ford denies generally the allegations of Plaintiffs' pleading and demands strict proof thereof by a preponderance of the evidence.

## D.    Affirmative Defenses

### Mexican Law

2.    For further answer, if such be necessary, Ford alleges that Plaintiffs' claims are governed by the law of the Republic of Mexico.

### Michigan Law

3.    For further answer, if such be necessary, Ford alleges in the alternative that the governing law respecting Ford's liability is the product law of the State of Michigan. *See* MCL 600.2945; *Lawrenchuk v. Riverside Arena, Inc.*, 214 Mich. App. 431, 435; 542 N.W.2d 612 (1995); *Owens v. Allis-Chalmers Corp.*, 414 Mich. 413; 326 N.W.2d 372 (1982); *Fisher v. Kawasaki Heavy Industries, Ltd.*, 854 F. Supp. 467 (E.D. Mich. 1994).

### Texas Law

4.    Pleading further, and in the alternative, Ford states that in the event Texas law is applied, the following provisions of Texas law should be applied. Ford gives notice of its intent to rely on these defenses if Texas law be applied.

5.    For further answer, if such be necessary, Ford alleges that Plaintiffs' proof with respect to all "design defect" allegations is governed by statute. TEX. CIV. PRAC. & REM. CODE § 82.005. Plaintiffs must prove by a preponderance of the evidence (1) there was a "safer alternative design," as that term is statutorily defined, and (2) the defect was a producing cause of

the personal injury, property damage, or death for which the claimant seeks recovery. Ford requests that the jury be instructed on all statutorily required elements of a "design defect" case.

6.     For further answer, if such be necessary, Ford asserts that the subject vehicle met or exceeded all applicable government standards. As such, Ford is entitled to a presumption that it is not liable under a theory of strict products liability.

7.     For further answer, if such be necessary, Ford alleges that plaintiffs' claims are barred by their failure to begin this action within the time provided by the laws of the foreign country in which the accident took place as required by Tex. Civ. Prac. & Rem. Code. § 71.031.

8.     For further answer, if such be necessary, Ford alleges that plaintiffs' claims for breach of warranty are barred by the applicable statute of limitations, having been asserted more than four years after original delivery of the vehicle.

9.     For further answer, if such be necessary, Ford specifically denies that notice of Plaintiffs' claims has been provided or that such conditions precedent have been met and Ford demand strict proof thereof as required by law. Indeed, Ford alleges that plaintiffs' claims for breach of warranty are barred on account of plaintiffs' failure to give notice as required   by TEX. BUS. & COM. CODE § 2.607.

10.    For further answer, if such be necessary, Ford asserts that Plaintiffs' claims fail to state a claim upon which relief may be granted as a matter of law, including but not limited to the Plaintiffs' claims for punitive or exemplary damages to the extent asserted under the Texas Wrongful Death Act.

11.    For further answer, if such be necessary, Ford alleges that Plaintiffs' claims for damages may be barred in whole or in part, whether under the doctrine of comparative responsibility or failure to mitigate damages, by Plaintiffs' and/or their decedent's failure(s) to

utilize available and functional safety restraint devises as required by the Texas Mandatory Seat Belt Law. The same constitutes negligence *per se*, and Ford request that the jury be so instructed.

12.     For further answer, if such be necessary, Ford requests that in accordance with requests that in accordance with TEX. CIV. PRAC. & REM. CODE § 33.003 the jury determine the percentage of responsibility for causing in any way the harm for which recovery of damages is sought of the plaintiff, each settling person and each responsible third party who has been designated under § 33.004, TEX. CIV. PRAC. & REM. CODE.

13.     For further answer, if such be necessary, Ford requests that in the event at the time of submission plaintiffs seek recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, etc., that in accordance with the statutory requirements imposed by TEX. CIV. PRAC. & REM. CODE § 18.091 the Court "instruct the jury as to whether any recovery for compensatory damages sought by the claimant is subject to federal or state income taxes."

14.     For further answer, if such be necessary, Ford alleges that Plaintiffs may not recover any amount of damages if Plaintiffs' percentage of responsibility (or that of their decedents) is greater than fifty percent (50%), regardless of the theory of recovery pled. TEX. CIV. PRAC. & REM. CODE § 33.001.

15.     For further answer, if such be necessary, Ford alleges that in accordance with Section 33.013 of the Texas Civil Practices & Remedies Code, Ford may not be held jointly and severally liable for any amount of damages claimed herein unless the percentage of responsibility of Ford, when compared with that of each responsible party, each settling person, and each responsible third party, is greater than fifty percent (50%).

16.     For further answer, if such be necessary, with respect to Plaintiffs' allegation of punitive or exemplary damages, Ford alleges as follows:

a.   The applicable choice-of-law standards require that the punitive damage demands against defendant Ford Motor Company be determined under the law of Michigan, as Ford's principal place of business and the purported location of the alleged misconduct that would be punished by any punitive damages award.  Under Michigan law, Ait is well established that generally only compensatory damages are available and that punitive sanctions may not be imposed. *McAuley v. General Motors Corp.*, 578 N.W.2d 282, 285 (Mich. 1998).

b.   Ford states that Plaintiffs' claim for punitive damages against Ford cannot be maintained, because an award of punitive damages under current Texas law would be void for vagueness, both facially and as applied.  Among other deficiencies, there is an absence of adequate notice of what conduct is subject to punishment; an absence of adequate notice of what punishment may be imposed; an absence of a predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, a risk that punitive damages will be imposed retrospectively based on conduct that was not deemed punishable at the time the conduct occurred, and it would permit and encourage arbitrary and discriminatory enforcement, all in violation of the due process clause of the Fourteenth Amendment to the United States Constitution, Article I, sections 13 and 19 of the Texas Constitution, and the common law and public policies of the State of Texas.

c.   Ford states that Plaintiffs' claim for punitive damages against Ford cannot be maintained, because any award of punitive damages under Texas law would be by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award, (2) is not adequately instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of Ford, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to adequate trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards.  Any such verdict would violate Ford due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the Article I, sections 13 and 19, and would be improper under the common law and public policies of the State of Texas.

d.   Ford states any award of punitive damages based on anything other than Ford's conduct in connection with the design, manufacture, and sale of the product that is the subject of this lawsuit would violate the due process

clause of the Fourteenth Amendment to the United States Constitution and Article I, Sections 13 and 19 of the Texas State Constitution, and would be improper under the common law and public policies of the State of Texas, because any other judgment for punitive damages in this case cannot protect Ford against impermissible multiple punishment for the same wrong and against punishment for extra-territorial conduct, including especially conduct that is lawful in states other than the State of Texas  In addition, any such award would violate principles of comity under the laws of the State of Texas.

e.    To the extent that the law of Texas permits punishment to be measured by the net worth or financial status of Ford and imposes greater punishment on defendants with larger net worth, such an award would be unconstitutional because it permits arbitrary, capricious and fundamentally unfair punishments, allows bias and prejudice to infect verdicts imposing punishment, allows punishment to be imposed based on lawful profits and conduct of Ford in other States, and allows dissimilar treatment of similarly situated defendants, in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and Article I, Sections 13 and 19 of the Texas State Constitution.

f.    If Texas law is applied, Plaintiffs may not be awarded exemplary damages unless they establish by clear and convincing evidence that Ford acted with malice, which Ford denies. TEX. CIV. PRAC. & REM. CODE § 41.003.

g.    If Texas law is applied, Ford insists that in the unlikely event any claim for recovery of punitive damages is submitted to the jury, that in accordance with TEX. CIV. PRAC. & REM. CODE § 41.003(d) and (3), the Charge of the Court instruct the jury that any finding of "liability for and amount of exemplary damages" must be unanimous.

h.    In the unlikely event of any exemplary damage award, Ford further invokes the provisions of TEX. CIV. PRAC. & REM. CODE § 41.008 limiting any award of exemplary damages to either $200,000 or two times the amount of Aeconomic damages,@ as defined by statute, plus an amount equal to any non-economic damages found by the jury, but not to exceed $750,000.

## E.    Jury Demand

Ford requests a trial by jury and in accordance with Rule 216 of the Texas Rules of Civil Procedure, tenders the required fee.

WHEREFORE, defendant Ford Motor Company prays that Plaintiffs take nothing by this suit, that Ford have judgment for its costs in this proceeding, and that the Court grant Ford such other and further relief as the Court may deem just and proper.

Respectfully submitted,
BROWN McCARROLL, L.L.P.
111 Congress Avenue
Suite 1400
Austin, Texas 78701-4043
(512) 472-5456
(512) 479-1169 (fax)


BY: _____
    Evan Kramer (Attorney-in-Charge)
    State Bar No. 11704650
    Ronald D. Wamsted
    State Bar No. 20832000

**ATTORNEYS FOR DEFENDANT FORD MOTOR COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record as set forth below by certified mail, return receipt requested, in compliance with the Texas Rules of Civil Procedure on this 23rd day of February 2004.

**Via Certified Mail, Return Receipt Requested**

Mark Cantu
1300 N. 10th, Suite 400
McAllen, TX 78501

_____
Ronald D. Wamsted

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ELENA TORRUCO REYES, On Behalf of | § | |
| HORACIO DIAZ TORRUCO | § | |
| | § | |
| and | § | |
| | § | |
| OLIVER HERRERA GOMEZ, Individually | § | |
| Plaintiffs | § | |
| vs. | § | CIVIL ACTION NO.:_____ |
| | § | JURY |
| FORD MOTOR COMPANY | § | |
| Defendant | § | |

## INDEX OF MATTERS BEING FILED

1.  Civil Cover Sheet

2.  Certified Copy of State Court Docket Sheet and copy of state court file, including Plaintiffs' Original Petition.

3.  Ford Motor Company's Motion to Transfer Venue and, Subject Thereto, Motion to Dismiss Under the Doctrine of *Forum Non Conveniens*, Plea Against Capacity, Special Exceptions, Original Answer to Plaintiffs' Original Petition, and Jury Demand.

4.  Index of Matters Being Filed

5.  Designation of Counsel

HOU:295729.1
13486.95885

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ELENA TORRUCO REYES, On Behalf of | § | |
| HORACIO DIAZ TORRUCO | § | |
| | § | |
| and | § | |
| | § | |
| OLIVER HERRERA GOMEZ, Individually | § | |
| Plaintiffs | § | |
| vs. | § | CIVIL ACTION NO.:_____ |
| | § | JURY |
| FORD MOTOR COMPANY | § | |
| Defendant | § | |

## DESIGNATION OF COUNSEL

Mark A. Cantu
LAW OFFICE OF MARK A. CANTU
TBA #: 03767445
1300 N. 10th Street, Suite 400
McAllen, Texas 78501
(956) 687-8181; Fax: (956) 687-8868
*Attorneys for Plaintiffs*

Evan N. Kramer
SDTX No.: 12346
TBN: 11704650
William R. Moye
SDTX No.: 34007
TBN: 24027553
BROWN MCCARROLL L.L.P.
1111 Bagby, 47th Floor
Houston, Texas 77002
(713) 529-3110; Fax: 713-525-6295
*Attorneys for Ford Motor Company*