IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

NOV 2 2 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| PEDRO MARTINEZ RODRIGUEZ and CECILA SANCHEZ TORRES, Individually and as Representatives of the Estate of JUAN MARTINEZ TORRES, deceased; SYLVIA BARAJAS CENDEJAS, Individually and as Representative of the Estate of CARLOS ESQUIVEL MANZO, deceased; and as next Friend of YOANA ESQUIVEL, and MAYRA YULISSA ESQUIVAL; MANUEL HERNANDEZ ESQUIVEL, Individually; RODRIGO LUCATERO ESQUIVEL, Individually; MARCOS IBARRA VERA, Individually,<br>      Plaintiffs,<br><br>vs.<br><br>FORD MOTOR COMPANY,<br>      Defendant. | § | CIV. NO. B-04-036 |
| ELLENA PATRICIA ARIZPE, Individually, and MONZERAT SUAREZ, Individually,<br>      Plaintiffs,<br><br>vs.<br><br>FORD MOTOR COMPANY,<br>      Defendant. | § | Consolidated with<br>CIV. NO. B-04-037<br><br><br><br><br><br>Consolidated with |
| ELENA TORRUCO REYES, on Behalf of HORACIO DIAZ TORRUCO; OLIVER HERRERA GOMEZ, Individually,<br>      Plaintiffs,<br><br>vs.<br><br>FORD MOTOR COMPANY,<br>      Defendant. | § | CIV. NO. B-04-043 |

**MEMORANDUM AND ORDER**

BE IT REMEMBERED that on November 22, 2004, the Court considered Ford

1

Motor Company's ("defendant") motions to dismiss for *forum non conveniens* in case numbers B-04-036, B-04-037, and B-04-043 [Dkt. Nos. 10, 11, and 9, respectively]. Each case was originally filed in the 138th Judicial District Court of Cameron County, Texas, in January, 2004. Subsequently, the defendant motioned for a transfer of venue or in the alternative to dismiss on the grounds of *forum non conveniens* in each case. Defendant then removed the cases to this Court in February and March, 2004. After an initial pretrial conference where all three actions were discussed, the Court ordered the defendant to brief the issue of the appropriateness of *forum non conveniens* and Mexican choice-of-law for each case. A schedule for discovery and responses to the motion by each set of plaintiffs was further provided. After reviewing the briefs and relevant case law, the Court hereby **GRANTS** defendant's motion and **DISMISSES** the aforementioned cases subject to specific conditions discussed *infra*.

## I.   BACKGROUND

The motion before the Court arises from three separate causes of action. The first case concerns an accident involving a 1995 Ford Explorer that occurred on January 17, 2002, near the town of Apatzingan, Michoacan, Mexico. The second action concerns an accident involving a 2001 Ford Explorer that occurred on January 18, 2002, in the town of Saltillo, Coahuila, Mexico. Finally, the third suit concerns an accident involving a 1994 Ford Explorer that occurred on January 24, 2002, near the town of Perote, Puebla, Mexico. This is where the few differences among the three cases end.

Besides all three accidents occurring in Mexico, all investigations were undertaken by Mexican authorities. All vehicles were produced in the United States, but not in Texas. Additionally, each automobile was sold and maintained in Mexico.

Every plaintiff and all eyewitnesses are citizens of Mexico. Although the plaintiffs are different in each case, plaintiffs' counsel and the defendant in each action are the same. Additionally, each action's prayer for relief sounds in theories of negligence, strict product liability, and breach of implied warranties. In fact, besides the names of the plaintiffs, the dates and locations of the accidents, and the make of each respective automobile, there is no other distinguishing factor between the briefs submitted in each

case.

## II.  RULE 42(a) CONSOLIDATION

As a preliminary matter, a district court may discretionarily consolidate actions involving common questions of law or fact. Fed.R.Civ.Pro. 42(a). Some factors to be considered in determining whether consolidation is proper, include: (1) the cases are pending before the same court; (2) a common party is involved in the cases; (3) common issues of law and/or fact are involved; (4) no risk of prejudice or confusion if the cases are consolidated; and (6) judicial resources will be reserved. See Frazier v. Garrison I.S.D.,980 F.2d 1514, 1531-32 (5th Cir. 1983). Importantly, the Court must be vigilant not to merge the suits into a single cause of action. See In re Excel Corp., 106 F.3d 1197, 1201 (5th Cir. 1997).

There is no question that the facts and the applicable law to these cases are sufficiently similar to warrant consolidation. Therefore, for the purposes of this Order only, the Civil Cases, numbered B-04-036, B-04-037, and B-04-043 are hereby **CONSOLIDATED**.

## III.  *FORUM NON CONVENIENS* DISCUSSION

The common law doctrine of *forum non conveniens* provides a federal court discretion to dismiss a case under certain narrow circumstances. Quackenbush v. Allstate Ins. co., 517 U.S. 706, 721 (1996). Importantly, the doctrine "is one of procedure rather than substance." Am. Dredging Co. v. Miller, 510 U.S. 443, 453 (1994). Therefore, even where jurisdiction is properly grounded in diversity, as is the case here, a federal court applies the federal law of *forum non conveniens*. De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993); see Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938) (holding that federal courts sitting in diversity are to apply federal procedural law); see also Am. Dredging Co., 510 U.S. at 448-49 (discussing that a federal court may dismiss a case although "jurisdiction and proper venue are established").

A party moving for dismissal pursuant to *forum non conveniens* must demonstrate the existence of four separate factors: (1) the existence of an available alternative forum;

3

(2) the adequacy of the alternative forum; (3) that the balance of relevant private and (4) public interest factors favor dismissal. See Vasquez v. Bridgestone/Firestone, Inc., 325 F.3d 665, 671 (5th Cir. 2003); see also Gonzalez v. Chrysler Corp., 301 F.3d 377, 379 (5th Cir. 2002). However, if the private factors counsel dismiss, a court need not proceed to the public factor analysis. Baumgart v. Fairchild Aircraft Corp., 981 F.2d 824, 837 (5th Cir. 1993); Morales v. Ford Motor Co., 313 F. Supp. 2d 672, 674 (S.D.Tex. 2004).

### 1) Mexico's Courts as Available Alternate Forum

"An alternative forum is considered available if the entire case and all parties can come within its jurisdiction." Vasquez, 325 F.3d at 671; Gonzalez, 301 F.3d at 379. Importantly, a foreign plaintiff's home forum should be considered "available" if the defendant submits itself to its jurisdiction. Morales, 313 F. Supp. 2d at 675 (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 254 n.2 (1981) (finding that the availability requirement is satisfied when "the defendant is 'amenable to process' in the other jurisdiction.")).

Defendant has consented to the jurisdiction of and agrees to abide by any judgment rendered by the Mexican courts [see Dkt. Nos. 10, 11, & 9]. The plaintiffs argue, however, that the defendant's submission does not establish the availability of an alternative forum. In support of their argument, plaintiffs cite language allegedly from Veba-Chemie A.G. v. M/V Getafix, 711 F.2d 1243 (5th Cir. 1983), stating:

> The doctrine of *forum non conveniens* furnishes the criteria for a choice between two or more forums in which the defendant is amenable to process. At least two such forums must be available to the plaintiff before the doctrine comes into play; and they shall not be dependent merely upon the will or grace of the defendant, but must be provided by law.

[see Dkt. Nos. 12, 13, & 11]. Accordingly, the plaintiffs argue, if the defendant can submit to the forum of his choice, then the availability of the alternate forum is dependent solely upon the "will or grace" of the defendant.

The plaintiffs' argument is misguided for at least two reasons. First, the cited quote is not part of the holding of the Veba-Chemie case. Rather, the quote originates from Trivoli Realty v. Interstate Circuit, 167 F.2d 155, 156-57 (5th Cir. 1948). The Veba-Chemie

Court merely quotes this language in a footnote in order to address an argument by the plaintiffs in that case, which is unrelated to the argument at consideration here. Veba-Chemie, 711 F.2d at 1245 n.3 (quoting Vaz Borralho v. Keydrill co., 696 F.2d 379, 392 n.12 (5th Cir. 1983)). In any event, the Fifth Circuit in Veba-Chemie succinctly discarded the language as dicta. Id.

Second, a number of courts have recently held that a defendant's submission to the jurisdiction of an alternative forum renders that forum available for the purposes of *forum non conveniens*. Vasquez, 325 F.3d at 671; Veba-Chemie, 711 F.2d at 1245; Morales, 313 F. Supp. 2d at 675-76; Dominguez-Cota v. Cooper Tires & Rubber Co., 284 F. Supp. 2d 444, 448-49 (N.D. Miss. 2003). In fact, the Fifth Circuit in Veba-Chemie assumed that the only reason the alternative forum was available was because the defendant in that case agreed to submit to its jurisdiction. Veba-Chemie, 711 F.2d at 1245 n.3. Therefore, the Court holds that Mexico's courts are an available forum under the circumstances.

### 2) Mexico's Courts as Adequate Alternate Forum

If the parties will not be "deprived of all remedies or treated unfairly," although they will not enjoy the same benefits as they would in an American court, then the alternate forum is adequate. Vasquez, 325 F.3d at 671; Gonzalez, 301 F.3d at 379-80. A foreign jurisdiction's decision to restrict damages to the point where a suit is not economically viable, and to limit the availability of theories such as strict liability, does not render that forum inadequate. Piper Aircraft Co., 454 U.S. at 255 ("Although the relatives of the decedent may not be able to rely on a strict liability theory, and although their potential damage award may be smaller, there is no danger that they will be deprived of any remedy or treated unfairly [in Scotland]."). Importantly, a plethora of Fifth Circuit cases have found Mexico's courts as an adequate alternative forum in cases concerning tort litigation with respect to American-made products. See, e.g., Vasquez, 325 F.3d at 671-72 ("The fact that Mexico provides a wrongful death cause of action, albeit with severe damage caps, makes the country an adequate forum."); Gonzalez, 301 F.3d at 380-81 (holding that Mexico's courts were adequate despite Mexico's failure to recognize strict liability and its imposition of a severe damages cap, which renders a lawsuit there non-economically

viably); De Aguilar v. Boeing Co., 11 F.3d 55; Dominguez-Cota, 284 F. Supp. 2d at 449; Zermeno v. McDonnell Douglas Corp., 246 F. Supp. 2d 646, 659 (S.D.Tex. 2003).

Because the plaintiffs do not argue against the adequacy of Mexico's courts, the Court adheres to precedent and holds that under the circumstances, Mexico's courts are adequate.

### 3) Balancing of Private Interest Factors

In order to dismiss the cases, this Court must find that the balancing of certain private factors points to dismissal. Vasquez, 325 F.3d at 672. Besides the plaintiffs' choice of forum, other relevant private factors include

> the relative ease of access to sources of proof; the availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; the possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

See id. (quoting McLennan v. Am. Eurocopter Corp., 245 F.3d 403, 424 (5th Cir. 2001)); see also Dominguez-Cota, 284 F. Supp. 2d at 448.

The plaintiffs initially argue that their choice of forum is entitled to a "presumption of convenience equal to that of [a] resident or citizen" because of treaty obligations between the United States and Mexico [Dkt. Nos. 12, 13, & 11]. Specifically, the plaintiffs cite to the International Covenant of Civil and Political Rights, Art.14(1) (December 16, 1996), which states: "All persons shall be equal before the courts and tribunals."

The same argument regarding the same treaty has been made before. See Dominguez-Cota, 284 F. Supp. 2d at 450. In Dominguez-Cota, the Court stated that Piper Aircraft established the notion that "'a foreign plaintiff's selection of an American forum deserves less deference than an American citizen's . . . .'" Id. (quoting Piper Aircraft Co., 454 U.S. at 256). However, the Court reasoned, such a presumption is not based upon bias or favoritism of American residents in violation of the treaty. Id. (quoting Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88, 102 (2d Cir. 2000)). Rather, in accordance with the *forum non conveniens* inquiry, which focuses on convenience, when "a foreign plaintiff

chooses a United States forum, it is 'much less reasonable' to presume that the choice was made for convenience." Id. (quoting Piper Aircraft Co., 454 U.S. at 256). Therefore, such a presumption does not violate any treaty obligation, rather the Court is merely "performing the *forum non conveniens* balancing test approved by the Supreme Court." Id. For the same reason, this Court rejects the plaintiffs' argument that their forum choice be accorded great deference.[1]

In examining the second private interest, the relative ease of access to the relevant sources of proof, the plaintiffs argue that because the theory of liability concerns design defects in the automobiles, a majority of the evidence and witnesses are located within the United States. Furthermore, the plaintiffs aver that the expense of translating volumes of documents and expert testimony into Spanish favors retaining jurisdiction in the United States.

Both of these arguments, however, have been squarely rejected by at least two courts in the Fifth Circuit. See Vasquez, 325 F.3d at 673-74; Morales, 313 F. Supp. 2d at 677-78. This Court agrees with these decisions and further notes that all investigations in the present cases were undertaken by Mexican authorities, all automobiles were sold and maintained in Mexico, and every plaintiff and all eyewitnesses are citizens of Mexico.

Importantly, the Court notes that all three automobiles have been relocated to McAllen, Texas. However, this fact does not alter the Court's decision. Other courts have found dismissal appropriate notwithstanding the fact that some of the evidence was present in the United States. See Piper Aircraft, 454 U.S. at 242 (affirming dismissal although "evidence concerning the design, manufacture, and testing of the plane and propeller is located in the United States . . . ."); Dominguez-Cota, 284 F. Supp. 2d at 451 (rejecting plaintiff's contention that "because some of the physical and documentary

---

[1]The Court recognizes that the Fifth Circuit declined to answer this exact question involving the same treaty. See Vasquez, 325 F.3d at 672. However, that Court found it unnecessary to do so since the "private and public factors 'clearly point towards' trial in Mexico." Id. (quoting Piper Aircraft Co., 454 U.S. at 255). To the degree this Court may err in its conclusion with respect to its treatment of the treaty, this Court also finds that notwithstanding the subject treaty, the private and public factors clearly point to trial in Mexico as well.

evidence has been relocated to the United States, a trial in the United States would be as convenient as one in Mexico"). The relative ease of access to the relevant sources of proof in this case favors dismissal.

As for the third private factor, the availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining attendance of willing witnesses clearly favors dismissal. As recognized by the Fifth Circuit, "Federal courts have no power of compulsory process over Mexican citizens," including the survivors, investigating policemen, and mechanics that serviced or maintained the subject vehicles. Vasquez 325 F.3d at 673. Therefore, the Court finds that the third private factor also points to dismissal.

With respect to the fourth factor, the possibility of view of premises, the plaintiffs argue that little consideration should be given to this factor since it is unlikely that a federal court would expend judicial resources in allowing a jury investigate the scene of an accident. The Court disagrees. Although today's technology may provide a jury any required view of the accident scene through photographs, modules, animations, etc., if a viewing were required, it would be virtually impossible to allow in this case. See Urena-Taylor v. Daimler Chrysler Corp., 196 F. Supp. 2d 428, 433 (E.D.Tex. 2001). Nonetheless, this Court is simply not in the position to say at this point of the litigation that a viewing is to be unlikely. Therefore, this factor also favors dismissal.

Concerning the last factor, the Court is to consider all other problems that make trial of a case difficult and expensive. In this case, a trial conducted in the United State would require the translation of numerous medical documents and police reports. The time spent and expense incurred for these translations, although standing alone would not justify dismissal, in conjunction with all the other factors discussed *supra*, also point to dismissal.

Without citation, the plaintiffs argue that because their choice of forum does not "oppress or vexate" the defendants, trial in the United States is appropriate. The Court believes the quoted language derives from a patch of Supreme Court cases in the 1940s. See, e.g., Williams v. Green Bay & W.R. Co., 326 U.S. 549, 554-50 (1946) (incorporating the vexatious and oppressive standard in a *forum non conveniens* analysis). Although this standard may have been applied 50 years ago by the Supreme Court in a *forum non conveniens* analysis, it has long since been altered or overruled. See, e.g., Piper Aircraft

Co., 454 U.S. at 243-260. Therefore the Court finds the plaintiffs' argument without merit.

Lastly, the Court recognizes that some related decisions placed weight on the fact that the subject vehicle was manufactured in the foreign country. See, e.g., Vasquez 325 F.3d at 673 (recognizing that subject vehicle was manufactured in Mexico); Morales, 313 F. Supp. 2d at 677 (vehicle manufactured in Venezuela). Other Courts, however, have held in favor of dismissal despite the subject vehicle being produced in the United States. See Piper Aircraft, 454 U.S. at 239 (finding subject airplane manufactured in Pennsylvania); see also Torreblanca de Aguilar, 806 F. Supp. 139, 144 (E.D.Tex. 1992) ("[T]he fact that some evidence concerning the aircraft's design and manufacture may be located elsewhere in the United States does not make the Eastern District of Texas a convenient forum."). Although a valid factor, the import of all the other private factors outweighs this fact.

In short, consideration of the private factors points to dismissal of this case. Therefore, this Court need not analyze the public factors. Baumgart, 981 F.2d at 837; Morales, 313 F. Supp. 2d at 674. To be sure, however, the Court will continue the analysis.

### D.   Balancing of Public Interest Factors

The public factors this court should consider in determining whether to dismiss a case pursuant to the doctrine of *forum non conveniens* are

> administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

Vasquez 325 F.3d at 673 (citation omitted).

Docket congestion weighs in favor of maintaining jurisdiction. Although courts have argued against this factor by citing the dire criminal load our dockets bear, this Court finds that it should only consider its civil docket. Morales, 313 F. Supp. 2d at 685. In short, this

Court's civil docket is manageable. Nonetheless, the remainder of the consideration command dismissal in these cases.

The local interest in having localized controversies decided at home clearly weighs in favor of dismissal. The "locality of interest" in this case is clearly Mexico. Morales, 313 F. Supp. 2d at 685.

The fourth and fifth factors also require dismissal. Although this Court will not definitively answer whether Mexican law applies, it appears that it most likely would. See Vasquez, 325 F.3d at 674 ("Even if the design if the tires and vehicles is characterized as the conduct causing injury, the aggregate of other specific contacts favors application of Mexican law."). Consequently, dismissal is warranted since Mexican courts are more at home with Mexican law.

Lastly, there is no reason to burden the citizens of Cameron County with jury duty in this case. The plaintiffs argue that because the defendant "has extracted large sums of money annually from the sale of its defectively designed vehicle to Mexican citizens," which "brought enormous extra profits to the defendant, which then went to the benefit of shareholders in the United States and the federal government as taxes, and to the salaries of U.S. employees," that the United States judicial system, in essence, owes them their day in court. The Court finds the argument without merit. The fact remains that the defendant is not located in Cameron County, Texas. Furthermore, the benefits that inure to the United States taxpayers and government as a result of defendant's "enormous extra profits" inure similarly to Mexico and its government. This is a Mexican dispute that should be resolved by Mexican courts. "Mexico has an interest in protecting its own citizens from defective products acquired in Mexico and causing injury there." Vasquez, 325 F.3d at 673. Therefore, this Court finds that the public factors direct this Court to dismiss this Case pursuant to the conditions set forth below.

## IV.   CONCLUSION AND RETURN JURISDICTION CLAUSE

For the purposes of this Motion only, the Civil Cases, numbered B-04-036, B-04-037, and B-04-043 are hereby **CONSOLIDATED**

Premises considered, the Court concludes that Mexico provides an adequate and

available alternative forum in cases B-04-036, B-04-037, and B-04-043. Additionally, this Court holds that the private factors weigh heavily in favor of trial in Mexico, and therefore obviate the need for an analysis of the public factors. Nonetheless, the public factors also favor dismissal as well.

The foregoing, furthermore, renders the choice of law determination **MOOT** and therefore the defendant's motion in all three cases is hereby **DENIED**.

Pursuant to the doctrine of *forum non conveniens*, the Court hereby **GRANTS** the defendant's motion to dismiss, and **CONDITIONALLY DISMISSES** the three cases involved. The court grants this dismissal subject to a return jurisdiction clause. Should legal proceedings in Mexico prove impossible for any reason other than the plaintiffs' unwillingness to pursue an action, this Court will reassert its jurisdiction over the matter as required by Vasquez, 325 F.3d at 675.

This dismissal is conditioned upon

1) the Defendant's agreement to appear and submit itself to the jurisdiction of the Mexican courts, waiving any jurisdictional defenses it might normally possess.
2) the Defendant's waiver of any statutes of limitations or laches-related defenses that it did not possess at the time the plaintiffs' originally filed in state court.
3) the Defendant's agreement to submit to discovery in the Mexican forum per its procedural rules.
4) the Defendant's agreement to make its witnesses and evidence available in the Mexican proceedings.
5) the Defendant's agreement to allow the use of all discovery obtained thus far in the proceedings in the United States in the subsequent Mexican suit.
6) the Defendant's agreement to satisfy any Mexican judgment, subject only to whatever appellate rights it may enjoy in that forum.
7) the Defendant's agreement to the reassertion of jurisdiction by this court in the event that the defendant fails to satisfy any final judgment.

The dismissal of these cases, B-04-036, B-04-037, and B-04-043, from this Court's

docket shall become effective once the defendant has tendered a written statement assenting to be bound by the foregoing conditions. Should the defendant fail to do so within 10 (ten) business days of the entry of this Order, its *forum non conveniens* motion will be considered waived, and this case will proceed to trial in this Court.

DONE at Brownsville, Texas, this 23 day of November, 2004.

Hilda G. Tagle
United States District Judge